# CIRCUIT COURT OF FAIRFAX COUNTY

Mike Pallone Chevrolet, L.L.C.

v.

General Motors Corporation

April 27, 2009

Case No. CL-2008-15120

BY JUDGE BRUCE D. WHITE

The matter before the Court is Respondent General Motors Corporation's ("GM") Demurrer to the Plaintiff Mike Pallone Chevrolet, L.L.C.'s ("Pallone") Complaint, which seeks attorney's fees and costs attendant to a matter dismissed by the Commissioner of the Virginia Department of Motor Vehicles, D. B. Smit ("Commissioner"). On April 17, 2009, the Court heard oral argument on Respondent's Demurrer and took this matter under advisement.

The Court has fully considered the pleadings, briefs, and oral arguments of counsel. For the reasons set forth below, Respondent's Demurrer is sustained.

## I. Background and Facts Pleaded in the Complaint

As an initial matter in ruling on the Demurrer to the Complaint, the Court will not consider the materials attached to the Demurrer, namely the Hearing Officer's recommendation and the Commissioner's decision, because

they were not properly made a part of the Complaint prior to the hearing through a motion craving oyer. Thus, the Court will only consider the Complaint in making its decision.

A demurrer tests the legal sufficiency of the claims stated in the complaint. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123 (2001) (*citing Dray v. New Mkt. Poultry Prods., Inc.*, 258 Va. 187, 189, 518 S.E.2d 312 (1999)). A demurrer admits the truth of the material facts properly pleaded in the complaint as well as those facts implied by and justly inferred from those properly pleaded facts. *Id.* (*citing Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652 (1991)). Thus, in deciding whether the complaint states facts legally sufficient to support the cause of action, this Court will only consider the facts properly pleaded, implied, and justly inferred from the complaint. *See id.*

On July 20, 2006, GM gave Pallone notice by letter that GM approved the move of a Chevrolet dealership into a market area in which Pallone was already located. (Compl. ¶ 1.) A similar letter was also sent to Rosenthal Chevrolet ("Rosenthal"). (Compl. ¶ 1.) Pallone and Rosenthal challenged GM's decision alleging that GM was granting an additional dealership in their relevant market area in violation of Virginia Code § 46.2-1569(4) and § 46.2-1573. (Compl. ¶¶ 2-3.) Pallone and Rosenthal requested and received permission to hold evidentiary hearings in front of the Commissioner. (Compl. ¶¶ 2-3.) Hearing Officer Anthony Vance ("Hearing Officer") presided over the Formal Evidentiary Hearings and submitted a Recommended Hearing Decision to the Commissioner. (Compl. ¶¶ 4, 7.)

After the Formal Evidentiary Hearings but before the final decision by the Commissioner, GM sought to dismiss the action, because it elected not to move the dealership into Pallone's and Rosenthal's market area. (Compl. ¶ 6.) Due to GM's decision not to move the dealership, the Hearing Officer recommended that the Commissioner grant the dismissal because the issues explored in the Formal Evidentiary Hearings were moot. (Compl. ¶ 7.) The Commissioner followed the Hearing Officer's recommendation. (Compl. ¶ 8.) In light of the dismissal and the $628,817.97 Pallone spent on attorney's fees and costs in protecting its business interests, Pallone filed a Complaint with this Court seeking an award of attorney's fees pursuant to Virginia Code § 46.2-1573.01. (*See* Compl. ¶¶ 9-10.)

Procedurally, it is important to note that this is not an appeal from the Commissioner's decision granting the dismissal, nor is it an appeal from a denial of attorney's fees and costs. Instead, this is a separate action for fees and costs related to the proceedings before the Commissioner.

## II. *Summary of the Arguments*

### A. *GM's Arguments*

In support of its Demurrer, GM argues that: (1) Pallone did not appeal the Commissioner's dismissal, which means this Court cannot now determine that there was a violation, and a violation is required for the award of attorney's fees and costs (GM's Mem. Supp. Dem. 4); and (2) Pallone is barred from recovering attorney's fees and costs because the Hearing Officer's initial recommendation on the merits favored GM (Dem. 5, 7).

### B. *Pallone's Arguments*

Pallone, argues that: (1) even though the Commissioner's dismissal was not a final decision on the merits, Code § 46.2-1573.01 still supports an award (Pallone's Br. Opp'n 5); (2) the Court may hear this case, because its equity powers and the statute's broad language give the court discretion to do so (Opp'n 6); (3) whether GM violated the act is a determination that should be made by a jury (Opp'n 7).

## III. *Discussion*

### A. *Attorney's Fees and Costs Under the Act*

The Motor Vehicle Dealer Franchise Act, Va. Code § 46.2-1500 *et seq.* ("Act"), allows the Commissioner to hear cases arising under the Act and make binding decisions in those cases. Va. Code § 46.2-1573(A). Those decisions are subject to judicial review and appeal based on the procedures set forth in the Virginia Administrative Process Act (VAPA), Va. Code § 2.2-4000 *et seq. Id.; Volkswagen of Am., Inc. v. Smit (Volkswagen II)*, 52 Va. App. 751, 771, 667 S.E.2d 817 (2008). Additionally, a party who violates the Act may be ordered to pay the other party's reasonable attorney's fees and costs. Va. Code § 46.2-1573.01. The statutory provision allowing attorney's fees states, in pertinent part:

> Any party to a proceeding under § 46.2-1573 *who is found to have violated any provision of this article* may be ordered by the circuit court before which an application therefor is pending to pay the reasonable attorney's fees and costs incurred by the complaining party, including those attorney's fees and costs

> incurred as a result of any appeal. *Following issuance of the Commissioner's case decision finding that such violation has occurred,* the complaining party may make application to an appropriate circuit court for entry of an order awarding it reasonable attorney's fees and costs.

Va. Code § 46.2-1573.01 (emphasis added). While other portions of the act have been regularly dealt with, the attorney's fees and costs section has had little interpretation. *See Volkswagen II,* 52 Va. App. at 799, n. 14 (stating that an award of attorney's fees and costs is a matter strictly for the circuit court (*citing* Va. Code § 46.2-1573.01)).

Thus, in interpreting the statute, the basic rules of statutory construction provide the relevant framework. *See Volkswagen of Am., Inc. v. Smit (Volkswagen I),* 266 Va. 444, 452, 587 S.E.2d 526 (2003). This requires examining the words used in the statute to determine the General Assembly's intent, and "[w]hen the language of a statute is plain and unambiguous, courts are bound by the plain meaning of that language . . . [and] cannot give that language a construction that amounts to a holding that the General Assembly did not mean what it actually has stated." *Id.* (citations omitted).

In light of the statute's plain language, liability for attorney's fees and costs requires a finding that the liable party violated a provision of the Act. It is further illustrative of this point that the statute states a second time that, following the Commissioner's case decision finding a violation, a party may seek attorney's fees and costs. The General Assembly made it clear that there must be a case decision finding a violation before attorney's fees and costs may be imposed. In the instant case, the two pronged test is whether there was (1) a case decision and (2) a finding of a violation of the Act. *See* Va. Code § 46.2-1573.01.

Since judicial review and appeals of the Commissioner's decisions are governed by VAPA (*Volkswagen II,* 52 Va. App. at 771), and since fees and costs may be pursued in a circuit court after the "case decision," the Court must look to VAPA to determine the meaning of "case decision." VAPA defines a case decision:

> any agency proceeding or determination that, under laws or regulations at the time, a named party as a matter of past or present fact, or of threatened or contemplated private action, either is, is not, or may or may not be (i) in violation of such law or regulation or (ii) in compliance with any existing requirement for obtaining or retaining a license or other right or benefit.

Va. Code § 2.2-4001. According to this definition, a case decision is a determination that a named party is or is not in violation of the relevant laws or regulations. In the case at bar, the action was simply dismissed without a determination. Thus, there was no case decision.

Second, there must be a finding that the act was violated. This is partly subsumed by the definition of case decision because a case decision may be a determination that the Act was violated. *See* Va. Code § 2.2-4001. However, because Virginia Code § 46.2-1573.01 explicitly requires a finding of a violation, it will be analyzed separately from the case decision requirement.

According to the Complaint, the Commissioner granted GM's motion to dismiss, because the issues were mooted by the decision not to move the dealership into Pallone's market area. (Compl. ¶¶ 7-8.) In light of the fact that this is not an appeal, this Court will not to consider whether the Commissioner's decision was correct. *See Fauquier County Dep't of Soc. Servs. v. Robinson*, 20 Va. App. 142, 152, 455 S.E.2d 734 ("[A] party must pursue administrative avenues that result in . . . final case decisions before seeking judicial review." (*citing* former Va. Code § 9-6.14:16(A) now Va. Code § 2.2-4026)). A finding that the issues are moot is not a finding that the Act was violated. There was no finding that GM violated the Act. The dismissal was not a case decision, and it did not constitute a finding that GM violated the Act. Therefore, the statute does not allow a claim for attorneys' fees. For the reasons stated above, the Court declines to interpret the statute as broadly as Pallone would like.

Pallone also argues that it should be allowed to submit its case to a jury for a determination that GM's action was coercive under Va. Code § 46.2-1569(4) or generally violated the Act, which would in turn support an award of attorney's fees and costs. (Opp'n 6.) As discussed above, the process and procedures set forth in the Act and by VAPA govern cases brought pursuant to the Act. Under the Act, the Commissioner must determine whether an additional franchise may be established or moved into another franchisor's relevant market area. Va. Code § 46.2-1569(4). Furthermore, the Commissioner's decisions are "binding on the parties, subject to the rights of judicial review and appeal as provided in [VAPA]. . . ." Va. Code § 46.2-1573. Thus, the process set forth in the Code does not allow a jury to decide if the Act was violated. Rather, the Commissioner decides such issues subject to appeal and judicial review. Thus, it would be improper for this case to go to a jury.

The Court declines to read into the statute language broader than that written by the General Assembly. Although the Court's ruling leaves Pallone without remedy, it is the role of the General Assembly, not the Court, to create a remedy for this particular situation, should it choose to do so.

Pallone asks this Court to treat the language of Code § 46.2-1573.01 as broad enough to allow its action for fees. However, this Court declines to do so. Thus, GM's Demurrer is sustained.